CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA.
FILED Dville
MAY 28 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| LAVERNE R. JONES, | ) CASE NO. 4:07CV00049 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's November 14, 2005 applications for disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, September 24, 2005, and that she was insured for benefits through December 31, 2010. (R. 16, 18.) The Law Judge further found that

the lumbarization of S1 was a severe impairment, but when viewed individually or in combination with other impairments, it was not severe enough to meet or equal any listed impairment. (R. 19.) The Law Judge was of the view that plaintiff, a younger individual[1], retained the residual functional capacity ("RFC") to perform light exertional work, but she was limited to performing only occasional stopping, kneeling, crouching, crawling, and climbing of ladders, ropes, and scaffolds. (R. 20.)

A vocational expert ("VE") was present and testified at the hearing. (R. 235-239.) When answering the Law Judge's hypothetical questions containing the limitations he found to exist, the VE opined that jobs within the categories of her past relevant work were available to her. (R. 236.) However, when presented on cross examination with evidence of her limitations adduced both from plaintiff's treating sources and the Commissioner's consultant, the VE opined that plaintiff would not be able to sustain the type of activity "that competitive work is going to require." (R. 237-239.) Notwithstanding, the Law Judge determined that plaintiff's RFC did not preclude her from returning to her past relevant work as a cashier, folder, picker, wire stripper, and waitress. (R. 24.) Thus, he ultimately found that plaintiff was not disabled under the Act. (R. 24-25.)

Plaintiff appealed the Law Judge's March 1, 2007 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

---

[1] At her hearing before the Law Judge, plaintiff testified that she was thirty-one years old. (R. 221.) Under the Regulations, an individual less that fifty years old is a "younger person." 20 C.F.R. §§ 404.1563(c) and 416.963(c).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a Memorandum filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge failed to properly evaluate the medical evidence. (Pl's Brief, pp. 4-13.) Specifically, plaintiff contends that the Law Judge mischaracterized, minimized, and essentially disregarded evidence from her two treating sources, Mohammed Nazmul, M.D. and Amy M. Branson, PA-C, as well as that from the State Agency consultative examiner, Gonzalo Fernandez, M.D. (Pl's Brief, p. 4.) Plaintiff argues that the Law Judge discounted this evidence and, instead, gave controlling weight to the opinion of the State Agency record reviewing physicians, who, of course, never examined her. (Pl's Brief, pp. 4-5.) Plaintiff offers that, if the Law Judge had afforded proper weight to Branson and Drs. Nazmul and Fernandez, he would have been compelled to find that she suffers limitations which preclude her from performing any substantial gainful activity. (*Id.*)

Consistent with the Commissioner's Regulations and with the decisional authority in the Fourth Circuit, a Law Judge must consider the following in evaluating and weighing medical

3

opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

In evaluating the opinions offered by treating and examining sources, the Law Judge noted that, although Dr. Nazmul opined that plaintiff was disabled from all work activity, he did not find that she should avoid walking or sitting. (R. 23.) The Law Judge found that plaintiff's performance at the examination by Dr. Fernandez was inconsistent with the examination by her treating physician a month earlier, and that Dr. Fernandez's opinion regarding her ability to perform work-related activities was inconsistent with his objective medical findings. (*Id.*) Having made these findings, the Law Judge was freed to credit that the essentially bare opinions offered by the State Agency record reviewing physicians that plaintiff could perform light exertional work not requiring more than occasional climbing of ladders, ropes and scaffolds, stooping, kneeling, crouching or crawling were supported by the medical evidence and not inconsistent with the record as a whole. (*Id.*) Ultimately, the Law Judge concluded that based on the totality of the evidence, the opinions offered by the State Agency physicians were entitled to "significant weight." (*Id.*)

The most longitudinal and in-depth view of plaintiff's low back condition was provided by physician's assistant Branson. Branson evaluated and treated plaintiff's low back pain several times during the relevant time period. (R. 165-176, 191-193.) On May 11, 2006, Branson completed a functional assessment in which she opined that plaintiff could lift/carry ten pounds;

4

she could stand/walk zero to two hours in an eight-hour workday; she could sit zero to two hours in an eight-hour workday; she could sit without interruption for no more than one to two hours; she could never stoop, climb, crawl, and push/pull; she could only occasionally balance, crouch and kneel; she suffered a medical condition which could reasonably be expected to cause significant pain which results in an interruption of activities and/or concentration; and she suffered a condition which could reasonably be expected to require unpredictable and/or lengthy periods of rest during the day. (R. 191-193.) Most importantly, Branson concluded that plaintiff was disabled from performing substantial work activity. (R. 193.) The Law Judge appears to have ignored these findings, and he certainly failed to disclose whether and to what extent weight should be given to Branson's findings.

Although Branson does not qualify as an "acceptable medical source" under the Regulations, she does qualify as an "other source." *See* 20 C.F.R. §§ 404.1513(a), (d); 20 C.F.R. §§ 416.913(a), (d). The Law Judge was required to weigh her opinion regarding the severity of plaintiff's impairments and their impact on her ability to work particularly where, as here, no other healthcare provider had a more long-term relationship with plaintiff. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d).

There is other evidence in the record which supports Branson's findings. For instance, Dr. Nazmul[2] evaluated plaintiff on May 11, 2006 and completed an assessment of her functional

---

[2]Dr. Nazmul personally evaluated plaintiff on only one occasion, raising some question about whether he is a "treating physician" as plaintiff claims. (R. 188-190, 211.) *See* 20 C.F.R. §§ 404.1527(d); 416.927(d). However, Dr. Nazmul is a physician at Health Centers of the Piedmont where plaintiff was also treated and evaluated for her low back pain by Branson and Cynthia Wilborne, a family nurse practitioner. (R. 213.) Thus, collectively this could have provided Dr. Nazmul with a longitudinal perspective of the medical evidence.

5

capacity and expressed opinions very similar to those contained in Branson's May 11, 2006 evaluation. (R. 188-190.) Specifically, he concluded that plaintiff could lift/carry ten pounds; could sit and stand/walk zero to two hours in an eight-hour workday; could never stoop, climb, crawl, kneel, and push/pull; suffered some manipulative and environmental limitations; and suffered a medical condition which could reasonably be expected to cause significant pain which results in an interruption of activities and/or concentration. (*Id.*) Moreover, Dr. Nazmul also opined that plaintiff was disabled from performing any substantial work activity. (R. 190.)

The State Agency consulting examiner, Dr. Fernandez, also found that plaintiff suffered functional limitations which precluded her from performing substantial gainful activity on a full-time basis. (R. 163-164.) Specifically, he opined that her functional capacity allowed her to stand and walk for only two hours, maybe longer with frequent breaks, and sit for only four hours with frequent breaks. (R. 163.)

There is another reason demonstrating good cause to remand this case. The records from Branson and Drs. Fernandez and Nazmul clearly demonstrate their view of the necessity for an MRI in order to make a proper assessment of and treatment plan for plaintiff's low back pain. (R. 163, 166, 190, 211, 212.) The Commissioner argues that when plaintiff was given the opportunity to schedule an MRI she voluntarily deferred scheduling for four months, a fact which calls into question her credibility regarding the degree of back pain she was experiencing. (Comm's Brief, pp. 14-15.) Plaintiff argues that she did not have the MRI as ordered due to financial constraints. (Pl's Brief, pp. 8-9.) Without addressing the merits of either of these arguments, it appears that an MRI would provide objective medical data to support or dispel

6

whether and to what extent plaintiff suffers a disabling back impairment.[3]

For all these reasons, the undersigned finds that good cause has been shown to remand this case to the Commissioner for further proceedings. Therefore, it is RECOMMENDED that an Order GRANTING plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings. The Order should direct that in the event the Commissioner cannot grant benefits on the current record, he should recommit the case to a Law Judge for supplemental evidentiary proceedings in which each side may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

May 28, 2008
Date

---

[3]Even the Commissioner concedes that an MRI would presumably lead to a definitive diagnosis and treatment for plaintiff's low back pain. (Comm's Brief, pp. 14-15.)

7

Case 4:07-cv-00049-JLK-BWC   Document 15   Filed 05/28/08   Page 7 of 7   Pageid#: 85